## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| **THOMAS E. PEREZ**, Secretary of Labor, United States Department of Labor,<br><br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>**HOSKINS ENTERPRISES, LLC, d/b/a, BRAINERD AREA TAXI,**<br>a Minnesota Limited Liability Company,<br>**JHM, LLC, d/b/a LAKES EXPRESS**,<br>a Minnesota Limited Liability Company, and<br>**JOHN HOSKINS**, an individual,<br><br>　　　　　　Defendants. | Case No.: 0:15-cv-01233-MJD-LIB<br><br>Hon. Michael J. Davis<br>Magistrate Leo I. Brisbois |

## **JUDGMENT**

　　　Plaintiff, **THOMAS E. PEREZ**, Secretary of Labor, United States Department of Labor, having filed her complaint and defendants, **HOSKINS ENTERPRISES, LLC d/b/a BRAINERD AREA TAXI,** a Minnesota Limited Liability Company**, JHM, LLC, d/b/a LAKES EXPRESS,** a Minnesota Limited Liability Company**, and JOHN HOSKINS, an individual** (hereinafter collectively "defendants"), having been duly served with a copy of the complaint and summons, defendants having failed to plead or otherwise defend within the time prescribed by law, and the truth of the allegations contained in the complaint having been made to appear by the declaration of the plaintiff's investigator; now, therefore upon application of the plaintiff and for cause shown, **IT IS HEREBY ORDERED**:

　　　Plaintiff's Motion for Judgment by Default [Docket No. 12] is **GRANTED**.

**JUDGMENT IS HEREBY ENTERED** against defendants in accordance with the prayer of the complaint in the above-styled action pursuant to section 17 of the Fair Labor Standards Act of 1938, as Amended, 29 U.S.C. § 201 et seq., (the "Act") as follows:

# I

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED,** pursuant to section 17 of the Act, that the defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them be, and they hereby are, permanently enjoined and restrained from violating the provisions of the Act in any of the following manners:

(a)   Defendants shall not, contrary to sections 6 and 15(a)(2) of the Act, employ any of their employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, at a rate less than $7.25 per hour (or at a rate not less than such other applicable minimum rate as may hereinafter be established by amendment to the Act);

(b)   Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any of their employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty (40) hours, unless such employee receives compensation for his employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rates at which he is employed;

(c)   Defendants shall not withhold payment of the sum of $35,493.26**,** which represents the minimum wage and overtime compensation hereby found to be due, for the period of March 7,

2011 to February 24, 2013, to the present and former employees named in Exhibit A, attached hereto and made a part hereof, in the amounts set forth therein.

  (d)  The monetary provisions of this judgment shall be deemed satisfied, upon defendants' delivery to plaintiff's representative of the following:

    (1)  A schedule in duplicate showing the name, last-known address, social security number, gross amount of wages due, amounts deducted from gross wages for employees' share of social security and withholding taxes, and the net amount of such payment for each employee named in Exhibit A.

    (2)  Separate certified checks for each employee named in Exhibit A, made payable to the order of the employee or the "Wage and Hour Div., Labor" as alternative payees (for example, the first check should read "PAY TO THE ORDER OF JANE DOE or the WAGE AND HOUR DIV., LABOR") and be equal to the net amount due to each such employee after deducting the amount of legal deductions as listed on the schedule referred to in subparagraph (d)(1) above from the gross amount of wages as listed opposite his name in Exhibit A attached. Defendants remain responsible for paying their share of any applicable taxes to the appropriate State and Federal revenue authorities; and

    (3)  Plaintiff shall distribute the checks referred to in paragraph (2) hereof, or the proceeds thereof, to the persons named in Exhibit A attached hereto, or to their estates, if that be necessary, and any amounts of unpaid minimum wage and overtime compensation not so paid because of inability to locate the proper persons or because of their refusal to accept it, shall be deposited with the Clerk of this Court, who shall forthwith deposit such money with the Treasurer of the United States pursuant to 28 U.S.C. § 2041.

(e) Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to the defendants or to someone else for the defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this judgment or the Act; nor shall defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this judgment or the Act; nor shall defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from the defendants under the provisions of this judgment or the Act.

**FURTHER**, it is **ORDERED** that the United States Marshal cause a true copy of this judgment to be served on defendants and it is further

**ORDERED** that defendants pay the costs of this action, including the United States Marshal's fee and expenses for service of a true copy of this judgment, as aforesaid.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated this 15th day of January , 2016.

s/ Michael J. Davis  
**MICHAEL J. DAVIS**  
UNITED STATES DISTRICT COURT JUDGE

# **EXHIBIT A**

| NAME | GROSS WAGES |
|---|---|
| John Anderson | $2,189.73 |
| Jamie Bisek | $3,619.25 |
| Victor Borash | $ 227.40 |
| Eileen Borg | $1,973.12 |
| Charles Ferreber | $ 387.00 |
| Delanny Fletcher | $ 140.83 |
| David Fuchs | $ 86.63 |
| Ken Hager | $2,806.80 |
| Richard Hansen | $2,391.65 |
| Warren Holmes | $ 25.88 |
| Matthew Janek | $ 304.78 |
| Gordon Johnson | $ 48.38 |
| Frank Joslin | $ 241.65 |
| Daniel Kestitalo | $ 942.75 |
| Angel Mann | $2,849.47 |
| Aaron Mccapes | $ 508.11 |
| Taff McDearmon | $ 83.50 |
| Christopher Moritz | $5,582.91 |
| Allan Paycer | $ 36.00 |
| Nikki Richardson | $3,061.67 |

| | |
|---|---|
| Whitney Rybolt | $ 384.75 |
| Gary Thiesen | $ 40.50 |
| William Trombley | $7,560.50 |
| **Total:** | $35,493.26 |